eral Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**LIN YANG, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 07–0899–ag.

United States Court of Appeals,
Second Circuit.

Oct. 29, 2007.

Theodore N. Cox, New York, NY, for Petitioner.

Peter D. Keisler, Acting Attorney General and former Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Jamie M. Dowd, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Lin Yang, a citizen of the People's Republic of China, seeks review of a February 27, 2007 order of the BIA affirming the July 28, 2005 decision of Immigration Judge ("IJ") Helen J. Sichel denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin Yang*, No. A96 215 418 (B.I.A. Feb. 27, 2007), *aff'g* No. A96 215 418 (Immig. Ct. N.Y. City July 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews legal issues, and the application of law to fact, *de novo*. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate

and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ Our review of the record leads us to conclude that the denial of relief in this case was supported by substantial evidence. The agency reasonably concluded that Yang failed to establish a nexus between her alleged persecution and a protected ground. In her asylum application, Yang stated that her classmates bothered her because her parents were not around, having come to the U.S. when she was a small child. Although Yang claimed that a "bully" took from her a cross that she wore to school, the agency did not err in finding that she did not establish that this occurred on account of her religion, actual or imputed. Indeed, in her brief to the BIA, Yang stated that a primary reason for her coming to the U.S. was the "lack of adult supervision and care" in China because her grandparents were growing older and her parents have remained in the U.S.

As to Yang's claim that she merited relief as a member of a particular social group, Yang failed to establish that she suffered persecution because she was the grandchild of Chinese Christians attending public school nor did she offer evidence that people in her position are persecuted or possess any fundamental characteristic that a persecutor would try to overcome. *Gomez v. INS*, 947 F.2d 660, 664 (2d Cir. 1991). Thus, because Yang failed to establish a nexus between a statutorily protected ground and the alleged harm that she suffered in China, the agency reasonably found that she failed to establish eligibility for asylum. *See* 8 U.S.C. § 1101(a)(42).

■ In her brief to this Court, Yang argues for the first time that she was denied due process where the agency

failed to appoint her a guardian during her immigration proceedings. While this Court has noted that "the BIA does not have jurisdiction to adjudicate constitutional issues," *United States v. Gonzalez-Roque*, 301 F.3d 39, 48 (2d Cir.2002) (internal quotation marks omitted), the BIA can adjudicate underlying issues concerning fairness of process and statutory interpretation. *Theodoropoulos v. INS*, 358 F.3d 162, 172 (2d Cir.2004). So long as the BIA can provide the possibility of relief, the petitioner must exhaust the issue. *Id.* at 172–73; *cf. Booth v. Churner*, 532 U.S. 731, 736 & n. 4, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (suggesting that a party cannot be required to exhaust a procedure from which there is no possibility of relief). Here, Yang failed to exhaust her claim that she was entitled to a guardian by never raising it before the agency. We decline to address this argument in the first instance. 8 U.S.C. § 1252(d)(1); *Theodoropoulos*, 358 F.3d at 171–172.

Because Yang's withholding of removal claim was based on the same set of facts that the IJ found insufficient to establish her eligibility for asylum, that claim too must fail. *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Yang does not challenge the agency's denial of her application for relief under the CAT before this Court. Accordingly, we deem waived any challenge to the agency's denial of CAT relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Yang's pending motion for a stay of removal in this petition is DISMISSED as moot.